Jay B. Itkowitz (*Pro Hac Vice*)
ITKOWITZ PLLC
26 Broadway, 21st Floor
New York, New York 10004
(646) 822-1801 (telephone)
jitkowitz@itkowitz.com

*Attorneys for Defendants*
*Western Organics, Inc. and Alan Langer*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SQUARE FOOT GARDENING FOUNDATION, INC., A NEW YORK NOT-FOR-PROFIT CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN ORGANICS, INC., AN ARIZONA CORPORATION, D/B/A GRO-WELL BRANDS, INC.; ALAN LANGER,<br><br>Defendants | Case No.: CV-18-00467-PHX-GMS<br><br>**ANSWER** |

Defendants Western Organics, Inc., an Arizona Corporation, D/B/A Gro-Well Brands, Inc. ("**Gro-Well**") and Alan Langer ("**Alan Langer**") (collectively "**Defendants**"), by their attorneys, Itkowitz PLLC, as and for their answer to the complaint (the "**Complaint**") of plaintiff Square Foot Gardening Foundation, Inc. ("**Plaintiff**") allege as follows:

1. Defendants note that all actions taken by Alan Langer were on behalf of Gro-Well and not in an individual capacity. To the extent Plaintiff characterizes allegations in the complaint as actions taken by "Defendants" (which Plaintiff defines as both Alan Langer

and Gro-Well), and Defendants admit same in this Answer, Defendants do not implicitly admit that the aforesaid actions were taken by Alan Langer in his individual capacity.

2. Deny each and every allegation set forth in paragraphs 1, 37 through 46, 48 through 63, 65 through 70, 72 through 76, 79 through 84, 86 through 92, 94 through 98, 101 through 104, 106 through 109, 111 through 115, 117 through 120, 122 through 123, 125, 127 through 128, and 130 through 131 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 2, 6 through 24, 35, 78, and 100 of the Complaint.

4. Denies each and every allegation in paragraph 3 except admits that Gro-Well is a corporation organized pursuant to the laws of Delaware, with a principal place of business at 420 East Southern Avenue, Tempe, Arizona 85282.

5. Denies each and every allegation in paragraph 4 and admits that Alan Langer is a resident of New York State, that he is a former CFO of Gro-Well, and is the current Chairman of the Board of Gro-Well.

6. Admit the allegations set forth in paragraphs 5 and 25 through 27 of the Complaint.

7. Deny each and every allegation set forth in paragraphs 28, 30 through 34, 124, and 129 of the Complaint and respectfully refer the Court to the October 2011 license agreement entered into by Gro-Well and Plaintiff ("**License Agreement**") referenced therein for its full force and effect.

8. Deny each and every allegation set forth in paragraph 29 of the Complaint and respectfully refer the Court to the License Agreement for its full force and effect, but admit that "Gro-Well never paid the Foundation any fees or royalties for products other than soil."

9. Admit the allegations set forth in paragraph 36 except notes that Gro-Well had no obligation to provide notice of a sale of Gro-Well to Plaintiff pursuant to the License Agreement.

10. Deny each and every allegation set forth in paragraph 47 except admits that during the term of the License Agreement, which is still in effect, Gro-Well regularly featured the trademark with the Registration No. 2,784,380, as well as Bartholomew's name and likeness in connection with the sale to the public of at least the following products: (i) Gro-Well Square Foot Garden Potting Soil Mix, (ii) GardenTime SFG Potting Soil Mix, and (iii) Nature's Way SFG Potting Soil Mix.  Further, Plaintiff notes that the License Agreement provides that Gro-Well and Plaintiff "will each allow the other to advertise and promote each other's products on their own websites with links to each."

11. Paragraphs 64, 71, 77, 85, 93, 99, 105, 110, 116, and 121 of the Complaint merely repeat prior allegations in the Complaint, and Defendant accordingly repeats and realleges its responses thereto.

12. Deny each and every allegation set forth in paragraph 126 of the Complaint except admits that Gro-Well periodically submitted to Plaintiff several Excel spreadsheets that set forth Gro-Well's payments to Plaintiff under the Agreement.

13. Deny any and all allegations not heretofore previously admitted or denied.

14. With respect to the Prayer for Relief, no response is required as each merely states a prayer for relief. To the extent a response is required, Defendants deny the allegations, and respectfully refer questions of law for the Court to determine at trial.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. Plaintiff purchased a substantial amount of soil products from Gro-Well beginning in or around 2010 continuing through 2017.

16. Since 2010, Plaintiff has refused to pay Gro-Well substantial amounts owed to Gro-Well by Plaintiff for the aforementioned soil products.

17. Amounts owed to Plaintiff set forth in the Complaint are offset in full by the sums owed by Plaintiff to Gro-Well, as more fully set forth in Gro-Well's first counterclaim below.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. Plaintiff was not authorized to terminate the License Agreement due to purported non-payment and its purported termination is a nullity.

19. As set forth herein, the amounts purportedly owed to Plaintiff under the License Agreement were offset by amounts owed to Gro-Well by Plaintiff for the sale of soil products to Plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. Plaintiff was not authorized to terminate the License Agreement as a result of the sale of Gro-Well and its purported termination is a nullity.

21. Indeed, the License Agreement provides that "[t]his Agreement may be assigned by Licensee without prior written consent of the Licensor."

22. The sale of Gro-Well had no effect on the status of the License Agreement.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

23. Plaintiff has not suffered any damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

24. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE**

25. Plaintiff was not authorized to terminate the License Agreement due to Gro-Well's purported sale of unauthorized products because the claim is entirely false, and its purported termination is a nullity.

26. Gro-Well did not sell unauthorized products under the License Agreement, "including, without limitation, Square Foot Gardening grid kits and gardening books," as alleged in the Complaint.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

27. Plaintiff and Gro-Well entered into a License Agreement concerning the use of a trademark with the registration no. 2,784,380.

28. In its complaint, Plaintiff claims that the License Agreement concerns a trademark with the registration nos. 4,097,739 and 4,002,068.

29. No notice was given to Gro-Well about any changes in the registration no. of Plaintiff's trademark.

30. It is unclear from the complaint how registration nos. 4,097,739 and 4,002,068 relate to registration no. 2,784,380, and, absent a further clarification, each and every claim made by Plaintiff fails to state a cause of action.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

31. The claims against Alan Langer individually must be dismissed because, as a matter of law, the Complaint does not allege facts that could sustain such claims.

32. Specifically, Plaintiff has not alleged facts alleging that Alan Langer acted in an individual capacity rather than as an employee and representative of Gro-Well.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

33. Plaintiff's claims are barred by the doctrines of waiver, laches, and estoppel.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

34. Plaintiff's claims are barred in part by the applicable statute of limitations.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

35. Plaintiff's claims are barred because Gro-Well paid to Plaintiff the amounts due to Plaintiff by Gro-Well.

**AS AND FOR A FIRST COUNTERCLAIM**
(Breach of Contract on Behalf of Gro-Well)

1. Defendants repeat and reallege all of the allegations set forth above as if fully set forth below.

2. Gro-Well manufactures, through its proprietary composting process and other means, soil and gardening products.

3. Gro-Well also causes bags with printed designs and trademarks to be manufactured and causes such bags to be filled with soil products, which are offered to the public for sale through its website and at retailers such as Home Depot and Lowes.

4. Plaintiff first entered into a license agreement with Gro-Well in 2010 ("**Initial License Agreement**"). This was prior to the October 2011 License Agreement that is the subject of this action.

5. After Plaintiff and Gro-Well entered into the Initial License Agreement, Gro-Well began printing bags with Plaintiff's trademark Registration No. 2,784,380 (the "**Mark**") and filling same with soil products, which it offered to the public for sale.

6. Plaintiff also manufactures many other varieties of soil using several of its own marks and certain other third-party marks.

7. Beginning in 2010 after the Initial License Agreement was executed, and continuing through 2017, Plaintiff began purchasing such bags of soil with its Mark ("**SF Bags**") and offering them for sale through Plaintiff's website and, possibly, other methods unknown to Gro-Well.

8. Plaintiff purchased a substantial amount of SF Bags from Gro-Well over the years.

9. Plaintiff also commissioned Gro-Well to fulfill orders to Plaintiff's customers and caused Gro-Well to ship SF Bags directly to Plaintiff's customers.

10. Since 2010, Plaintiff has refused to pay Gro-Well substantial amounts owed to Gro-Well for the aforementioned SF Bags.

11. Pursuant to the Plaintiff and Gro-Well's agreement to purchase SF Bags, Plaintiff was required to make late fee payments of 1.5% per month in the event that it failed to pay amounts to Gro-Well when due.

12. Plaintiff failed to make several payments to Gro-Well for SF Bags when due, and to date, a substantial sum remains due and owing to Gro-Well by Plaintiff.

13. In 2010, Plaintiff purchased $79,495.08 in SF Bags from Gro-Well but only paid Gro-Well $37,909.76.

14. In 2011, Plaintiff purchased $29,330.69 in SF Bags from Gro-Well but only paid Gro-Well $6,600.

15. In 2012, Plaintiff purchased $19,539.00 in SF Bags from Gro-Well but paid Gro-Well nothing.

16. In 2014, Plaintiff purchased $7,020.00 in SF Bags from Gro-Well but paid Gro-Well nothing.

17. Not including late fees, Plaintiff owed Gro-Well not less than $90,875.01 for its purchase of SF Bags by the end of 2014.

18. The amount owed by Plaintiff to Gro-Well is far higher than $90,875.01 when late fees are calculated and added to the base sum.

19. The aforesaid amounts owed to Gro-Well by Plaintiff offset in full the sums purportedly owed by Gro-Well to Plaintiff.

20. Gro-Well performed all of its obligations under the agreement between Gro-Well and Plaintiff to purchase SF Bags.

21. Gro-Well has been damaged by the breach in an amount not less than $90,875.01, plus late fees and interest.

**AS AND FOR A SECOND COUNTERCLAIM**
(Account Stated on Behalf of Gro-Well)

22. Defendants repeat and reallege all of the allegations set forth above as if fully set forth below.

23. Between 2010 and 2017, Plaintiff received not less than thirty-one invoices from Gro-Well for the SF Bags it purchased.

24. Plaintiff paid only part of the amounts due as per the invoices.

25. Between 2010 and 2014, Plaintiff paid Gro-Well only $66,849.76 where, as per the invoices, $157,724.77 was due to Gro-Well.

26. At no time did Plaintiff object to the invoices.

27. Gro-Well has been damaged by Plaintiff's failure to pay such invoices in an amount not less than $90,875.01, plus late fees and interest.

**AS AND FOR A THIRD COUNTERCLAIM**
(Breach of License Agreement on Behalf of Gro-Well)

28. Defendants repeat and reallege all of the allegations set forth above as if fully set forth below.

29. Gro-Well performed all of its obligations under the License Agreement.

30. Plaintiff breached the License Agreement by terminating same without cause.

31. Gro-Well has been damaged by the breach.

### AS AND FOR A FOURTH COUNTERCLAIM
(Attorneys' Fees on Behalf of Defendants)

32. Defendants repeat and reallege all of the allegations set forth above as if fully set forth below.

33. Defendants have incurred substantial attorneys' fees in defending this suit.

34. Defendants request an award of costs, disbursements and attorneys' fees for the successful defense of this action pursuant to Ariz. Rev. Stat. §§ 12-341 and 12-341.01 in this matter.

**WHEREFORE**, Defendants respectfully demand judgment in favor of Defendants and against Plaintiff dismissing the Complaint in its entirety and granting Defendants such other and further relief that this Court deems just and proper.

Dated: New York, New York
        April 23, 2017

ITKOWITZ PLLC

By: s/ Jay B. Itkowitz
Jay B. Itkowitz
26 Broadway, 21st Floor
New York, NY 10004
*Attorneys for Defendants*