James E. Doherty (*Pro Hac Vice*)
**ALCOTT LAW GROUP, PLLC**
205 East 42nd Street, 16th Floor
New York, NY 10017
Tel.: 646-844-0147
Fax: 646-844-3879
JEDohertylaw@gmail.com
dalcott@alcottlaw.com
mrosenthal@alcottlaw.com

*Attorneys for Plaintiff and Counterclaim-Defendant*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Square Foot Gardening Foundation, Inc., A New York Not-For-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Western Organics, Inc., an Arizona Corporation, d/b/a Gro-Well Brands, Inc.; Alan Langer, an individual; and John Does 1-10,<br>Defendants.<br>------------------------------------------------<br>Western Organics, Inc., an Arizona Corporation, d/b/a Gro-Well Brands, Inc.; and Alan Langer,<br><br>Counterclaim-Plaintiffs,<br>v.<br><br>Square Foot Gardening Foundation, Inc., A New York Not-For Profit Corporation,<br><br>Counterclaim-Defendant. | Civ. No. CV-18-00467-PHX-GMS<br><br>**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**<br><br>(Jury Trial Demanded) |

Plaintiff and Counterclaim-Defendant Square Foot Gardening Foundation, Inc. (the "Foundation" or "Plaintiff"), by and through its attorneys, the Alcott Law Group,

1

PLLC, hereby respond to the allegations in the counterclaims by Defendants and Counterclaim-Plaintiffs Western Organics, Inc., an Arizona Corporation, d/b/a Gro-Well Brands, Inc. ("Gro-Well") and Alan Langer ("Langer") (collectively referred to herein as "Defendants") for: (1) Breach of Contract by Gro-Well for monies allegedly owed to it from Plaintiff as an offset to amounts recoverable by Plaintiff in the primary action; (2) Accounts Stated by Gro-Well for monies allegedly owed to it from Plaintiff as an offset to amounts recoverable by Plaintiff in the primary action; (3) Breach of Contract by Gro-Well for unauthorized termination of the trademark license dated October 1, 2011 (the "2011 License Agreement"), the governing agreement in this action; and (4) Attorneys' Fees by Defendants pursuant to Ariz. Rev. Stat. §§ 12-341 and 12-341.01 (collectively referred to herein as the "Counterclaims"), as follows:

Plaintiff denies each and every allegation contained in the Counterclaims that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Plaintiff denies that the Defendants are entitled to the relief requested or any other relief.

## AS AND FOR A FIRST COUNTERCLAIM

1.      With respect to Paragraph 1 of the Counterclaims, no response is required since that paragraph improperly repeats and realleges the allegations set forth in the answer provisions of Defendants' April 23, 2018 pleading. To the extent that a response is required, Plaintiff denies that the allegations set forth in that pleading refute the claims set forth in the complaint or entitle the Defendants to the relief sought therein.

2.      Plaintiff lacks knowledge and information sufficient to form a belief as to the truth of the allegations, implications, and inferences set forth in Paragraphs 2 and 3 of the Counterclaims, which constitutes a denial of the same not otherwise specifically admitted pursuant to Rule 8.

3.      Plaintiff admits the allegations set forth in Paragraph 4 of the Counterclaims to the

1    extent that Plaintiff's predecessor in interest first entered into a written trademark license

2    agreement in 2010 and that said 2010 agreement pre-dated the 2011 License Agreement

3    and refers the Court to those documents for a full and accurate recitation of their terms.

4    4.      Plaintiff lacks knowledge and information sufficient to form a belief as to the truth

5    of the allegations, implications, and inferences set forth in Paragraphs 5, 6, 7, 8 and 9 of

6    the Counterclaims, except admits that Plaintiff did, on occasion, purchase goods from

7    Gro-Well on behalf of itself and third parties.

8    5.      Plaintiff denies each and every allegation, implication, and inference set forth in

9    Paragraphs 10, 11 and 12 of the Counterclaims.

10    6.      Plaintiff lacks knowledge and information sufficient to form a belief as to the truth

11    of the allegations, implications, and inferences set forth in Paragraphs 13, 14, 15 and 16

12    of the Counterclaims, except admits that Plaintiff did, on occasion, purchase goods from

13    Gro-Well on behalf of itself and third parties and made payments with respect to same.

14    7.      Plaintiff denies each and every allegation, implication, and inference set forth in

15    Paragraphs 17, 18, 19, 20 and 21 of the Counterclaims.

16    **AS AND FOR A SECOND COUNTERCLAIM**

17    8.      In response to Paragraph 22 of the Counterclaims, Plaintiff incorporates its

18    admissions and denials as set forth above.

19    9.      Plaintiff lacks knowledge and information sufficient to form a belief as to the truth

20    of the allegations, implications, and inferences set forth in Paragraphs 23, 24 and 25 of

21    the Counterclaims, except admits that Plaintiff did, on occasion, purchase goods from

22    Gro-Well on behalf of itself and third parties and made payments with respect to same.

23    10.      Plaintiff denies each and every allegation, implication, and inference set forth in

24    Paragraphs 26 and 27 of the Counterclaims.

25    **AS AND FOR A THIRD COUNTERCLAIM**

26    11.      In response to Paragraph 28 of the Counterclaims, Plaintiff incorporates its

27    admissions and denials as set forth above.

28    12.      Plaintiff denies each and every allegation, implication, and inference set forth in

1   Paragraphs 29, 30 and 31 of the Counterclaims.

2   **AS AND FOR A FOURTH COUNTERCLAIM**

3   13.    In response to Paragraph 32 of the Counterclaims, Plaintiff incorporates its

4   admissions and denials as set forth above.

5   14.    Plaintiff lacks knowledge and information sufficient to form a belief as to the truth

6   of the allegations, implications, and inferences set forth in Paragraph 33 of the

7   Counterclaims, which constitutes a denial of the same not otherwise specifically admitted

8   pursuant to Rule 8.

9   15.    Paragraph 34 of the Counterclaims contains a request for relief by the Defendants

10  and a recitation of statutory authority for same and, as such, does not require a response.

11  To the extent that a response is required, Plaintiff denies that Defendants are entitled to

12  any relief.

**FIRST AFFIRMATIVE DEFENSE**
13  **(Failure to State a Claim for Relief)**

14  As its first, separate and distinct affirmative defense to each Counterclaim,

15  Plaintiff alleges that each of the Counterclaims fail to state facts sufficient to constitute

16  any claim for relief against it.

17

**SECOND AFFIRMATIVE DEFENSE**
18  **(Subject Matter Jurisdiction)**

19  As its second, separate and distinct affirmative defense to each Counterclaim,

20  Plaintiff alleges that each of the Counterclaims should be dismissed for lack of any stated

21  basis for subject matter jurisdiction.

22

23  **THIRD AFFIRMATIVE DEFENSE**
24  **(Statute of Limitations)**

25  As its third, separate and distinct affirmative defense to the first and second

26  Counterclaims, Plaintiff alleges that those Counterclaims are barred by the applicable

27  statute of limitations, including without limitation, Ariz. Rev. Stat. § 12-548, Ariz. Rev.

28  Stat. § 12-543, and Ariz. Rev. Stat. 47-2725.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Recoupment as Affirmative Claims or for Different Transactions)**

As its fourth, separate and distinct affirmative defense to the first and second Counterclaims, Plaintiff alleges that, to the extent that those Counterclaims rely on the principles of recoupment to salvage otherwise time-barred claims, Defendant Gro-Well is precluded from such equitable relief since, pursuant to Ariz. Rev. Stat. § 47-3305 and common law, recoupment is not available with respect to affirmative claims for relief or as setoffs and/or where the parties' competing claims do not arise from the same transaction.

**FIFTH AFFIRMATIVE DEFENSE**
**(Lack of a Justiciable Controversy)**

As its fifth, separate and distinct affirmative defense to the fourth Counterclaim, Plaintiff alleges that Defendants are barred from recovery because that Counterclaim is not ripe for adjudication as it rests upon a contingent event or events that may not occur.

**SIXTH AFFIRMATIVE DEFENSE**
**(Lack of Cognizable Legal Theory)**

As its sixth, separate and distinct affirmative defense to the fourth Counterclaim, Plaintiff alleges that Defendants are barred from recovery because there is no independent, cognizable legal theory that would entitle Defendants to the relief sought therein.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

As its seventh, separate and distinct affirmative defense to each Counterclaim, Plaintiff alleges that Defendants are barred from recovery because they have "unclean hands" with respect to the underlying transactions referenced therein.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Vagueness and Uncertainty)**

As its eighth, separate and distinct affirmative defense to each Counterclaim, Plaintiff alleges that Defendants are barred from recovery because the Counterclaims are vague, uncertain, and unintelligible with regard to the allegations against Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**
**(Waiver)**

As its ninth, separate and distinct affirmative defense to each Counterclaim, Plaintiff alleges that Defendants have actually and/or constructively waived all claims alleged in their Counterclaims.

**TENTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

As its tenth, separate and distinct affirmative defense to each Counterclaim, Plaintiff alleges that Defendants are barred from recovery by the doctrine of estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Laches)**

As its eleventh, separate and distinct affirmative defense to each Counterclaim, Plaintiff alleges that Defendants are barred from recovery by the doctrine of laches.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Payment)**

As its twelfth, separate and distinct affirmative defense to the first and second Counterclaims, Plaintiff alleges that Defendant Gro-Well is barred from recovery as Plaintiff has paid all amounts due.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

As its thirteenth, separate and distinct affirmative defense to each Counterclaim, Plaintiff alleges that Defendants are barred from recovery as a result of accord and satisfaction.

### RESERVED DEFENSES

Plaintiff reserves all other and further affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or equity, which may now exist or in the future may become available based on discovery and further factual investigation in this case.

### PRAYER FOR RELIEF

WHEREFORE, having fully responded to the Counterclaims, Plaintiff respectfully requests that the Court: (a) enter judgment in Plaintiff's favor and against the Defendants; (b) dismiss the Counterclaims with prejudice; and (c) award Plaintiff its reasonable attorneys' fees, costs, and such other and further relief as this Court deems appropriate.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Square Foot Gardening Foundation hereby demands trial by jury of all issues so triable.


DATED this 14th day of May, 2018.

**ALCOTT LAW GROUP, PLLC**

By:      s/James E Doherty/
James E. Doherty, Counsel
*Pro Hac Vice*
205 East 42nd Street, 16th Floor
New York, NY 10017

***Attorneys for Plaintiff and
Counterclaim-Defendant***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Jay B. Itkowitz, Esq.
jitkowitz@itkowitz.com
ITKOWITZ PLLC
26 Broadway, 21st Floor
New York, NY 10004
*Attorneys for Defendants and Counterclaim Plaintiffs*
*Western Organics, Inc., an Arizona Corporation,*
*d/b/a Gro-Well Brands, Inc. and Alan Langer*

   /s/ James E. Doherty
*Attorney for Plaintiff and*
*Counterclaim-Defendant*